1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH REGO,

                                        Plaintiff,

        vs.

OCWEN LOAN SERVICING, LLC, et al.,

                                        Defendants.

CASE NOS. 12cv2894-LAB (WVG) and 12cv2904-LAB (BGS)

**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; AND**

**ORDER TO SHOW CAUSE RE: DISMISSAL**

On December 5, 2012, Plaintiff Joseph Rego, proceeding *pro se*, filed his complaint in case number 12cv2894-LAB (WVG, *Rego v. Ocwen Loan Servicing*. Although Plaintiff is representing himself, he is an attorney and registered for electronic filing using this District's CM/ECF filing system; by this means he was able to file his complaint without paying the required fee or moving to proceed *in forma pauperis*. Also on December 5, the Court issued an order (the "Dismissal Order") dismissing the complaint without prejudice for failing to pay the filing fee. The Dismissal Order also denied Rego's request for a temporary restraining order (TRO) and preliminary injunction, explaining in detail why the request was improper and giving reasons for the denial.

Instead of paying the filing fee and filing an amended complaint in the same docket, Rego filed the complaint anew using a new docket number. This time he paid the filing fee.

1   He did not, however, give notice that he was refiling his complaint, so this time it was
2   randomly assigned to Senior District Judge Jeffrey Miller. In spite of this omission, the Clerk
3   generated a low-number order, and pursuant to Civil Local Rule 40.1(i), the later-filed case
4   was transferred to District Judge Larry A. Burns, to whom the earlier-filed case was
5   assigned.

6        It appears Rego intends to abandon his earlier-filed case, which was dismissed
7   without prejudice. Because the complaints are identical, there is no reason to consolidate
8   the cases or keep two dockets open.  Case number 12cv2894 is therefore **DISMISSED**
9   **WITHOUT LEAVE TO AMEND**.

10       Rego's refiling of the complaint is troublesome for several reasons. First, as an
11  attorney filing in the CM/ECF system,[1] he was required to file a notice of related case,
12  pursuant to Civil Local Rule 40.1(f). Second, he refiled a complaint that included requests
13  he had just been told were inadequate and improperly submitted. Rego is admonished that,
14  regardless of whether he is representing himself or someone else, he must comply with all
15  applicable rules. One of the rules he must obey is Fed. R. Civ. P. 11. By refiling a request
16  that he had just been told was improper and was summarily denied, he risks sanctions under
17  this rule. For reasons set forth in the Dismissal Order, Rego's renewed request in case
18  12cv2904 for a TRO and preliminary injunction is **DENIED**. If he wishes to seek either or
19  both forms of relief again, he must correct the defects that have already been pointed out
20  to him.

21       Before allowing the later-filed case to proceed further, the Court must confirm its own
22  jurisdiction over the subject matter.  *See Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*,
23  429 U.S. 274, 278 (1977) (holding that court is "obliged to inquire *sua sponte* whenever a
24  doubt arises as to the existence of federal jurisdiction"). The complaint—which is verified---

25  _____

26  [1] Although Rego is proceeding *pro se*, he has obtained electronic filing privileges
     extended to attorneys, and required of attorneys admitted to practice before this District;
27  non-attorneys who wish to file in the CM/ECF system require special court permission. *See*
     Southern District of California Electronic Case Filing Administrative Policies and Procedures,
28  § 1(a). *See also* Civil Local Rule 5.4 (requiring electronic case filing for all attorneys admitted
     to practice befoer this District, and requiring electronic filers to follow the published Policies
     and Procedures).

identifies no federal question, but relies solely on diversity jurisdiction. In support of this, the complaint attempts to allege the parties' citizenship and the amount in controversy. The allegations, however, are inadequate.

First, the complaint merely alleges Rego "was a resident of the County of San Diego," (Compl., ¶ 1) without alleging of what state or nation he was a citizen. This is an inadequate allegation. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir.2001) (complaint that alleged residency rather than domicile and citizenship did not invoke diversity jurisdiction) (citations omitted).

Second, the complaint claims the two Defendants, Ocwen Loan Servicing, LLC and Western Progressive, LLC are Delaware corporations authorized to conduct business in California. (Compl., ¶¶ 3, 4.) These Defendants, however, are obviously not corporations, but limited liability companies, as the abbreviation "LLC" at the ends of their names make clear. Limited liability companies are not corporations for purposes of diversity jurisdiction; rather, they are citizens of every state in which their owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

It is likely Ocwen is a citizen of both Florida and Georgia, *see Snyder v. HSBC Bank, USA, N.A.*, ___ F. Supp. 2d ___, 2012 WL 2072754 at *4 (D.Ariz., June 8, 2012) (analyzing citizenship of Delaware limited liability company Ocwen Loan Servicing, LLC), but confirming and alleging this is Rego's responsibility, not the Court's. As for Western Progressive, LLC, the Delaware secretary of state's website lists no LLC by that name, so it is likely Rego has the name wrong. But if Western Progressive, LLC is the same company by that name who was a party to *Cauthen v. Saxon Mortg. Servs., Inc.*, 2011 WL 744915 (C.D.Cal., Feb. 22, 2011), it is likely the Court lacks jurisdiction. *See id.* at *1 (noting that Western Progressive, LLC was apparently owned by members who were U.S. citizens domiciled abroad, destroying diversity) (citing *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995)).[2]

/ / /

---

[2] Ocwen was also a defendant in *Cauthen*, which suggests that the same Western Progressive LLC that was a defendant there may be Ocwen's co-defendant in this case as well.

1    Furthermore, Rego does not identify an amount in controversy, and the prayer for

2  relief merely requests unspecified damages according to proof, as well as equitable relief.

3  No value is assigned to the equitable relief, nor is any particular value apparent from the

4  pleadings.  Although Rego seeks to enforce a loan modification agreement and prevent

5  foreclosure on a condominium, the complaint never suggests how the value of this is to be

6  measured, nor does it identify the value of the property.

7    Rego is therefore **ORDERED TO SHOW CAUSE** why this action, number 12cv2904,

8  should not be dismissed for lack of subject matter jurisdiction. He may do so either by 1)

9  filing an amended complaint that corrects the jurisdictional defects identified in this order, or

10  2) filing a memorandum of points and authorities, not longer than five pages, explaining why

11  the complaint does not need to be amended. The memorandum's page limit does not

12  included any appended or lodged materials. Rego must show cause no later than

13  **Wednesday, December 19, 2012,** or this action will be dismissed without leave to amend.

14  If Rego amends his complaint, he is reminded that the amended complaint should not

15  include a request for a TRO or preliminary injunction; such requests must be filed as

16  motions, not included in the complaint. *See* Civil Local Rule 7.1(f)(1).

17    The Clerk is directed to docket this order in the dockets of both cases, numbers

18  12cv2894 and 12cv2904.

19    **IT IS SO ORDERED**.

20  DATED:  December 12, 2012

21

22  **HONORABLE LARRY ALAN BURNS**
United States District Judge

23

24

25

26

27

28